**YI MENG TANG, Ming Xiao Zhao, Petitioners,**

v.

**United States Attorney General Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–3702–ag(L); 04–3706–ag(Con).**

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales, the current Attorney General, is automatically substituted for John Ashcroft, who was originally named as the respondent in this case.

Joan Xie, New York, New York, for Petitioners.

Gregory A. White, U.S. Atty., Northern District of Ohio, Richard J. French, Asst. U.S. Atty., Cleveland, Ohio, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

Petitioners, Yi Meng Tang and Ming Xiao Zhao, natives and citizens of China, petition for review of an order of the Board of Immigration Appeals ("BIA"), dated June 23, 2004, affirming the decision of the Immigration Judge ("IJ"). The IJ rejected the petitioners' applications for asylum and withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

The IJ denied Tang's and Zhao's applications, finding that: (1) the events described by petitioners, if they occurred, bore no nexus to any of the five grounds for relief enumerated in the INA;[2] (2)

---

2. The INA defines a "refugee" as a person who has a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Tang and Zhao had not established, or even argued, that the existence of their child would subject them to persecution if they were returned to China; and (3) Tang and Zhao had not established that it is more likely than not that they would be tortured if returned to China.

This Court reviews the factual findings of the BIA under the substantial evidence standard, under which "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003) (internal citations and quotation marks omitted). We review the BIA's conclusions of law *de novo*. *Zhang Jian Xie v. INS*, 434 F.3d 136, 139 (2d Cir. 2006). Where, as here, the BIA summarily adopted the IJ's decision, we review the decision of the IJ directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005).

In *Hong Ying Gao v. Gonzales*, 440 F.3d 62 (2d Cir.2006), this Court held that a person may win asylum on the basis of a well-founded fear of forced marriage where he or she establishes "a nexus between the persecution she fears and the 'particular social group' to which she belongs." *Id.* at 71. Gao's social group consisted of women who had been sold into marriage and who lived in a region, Fujian Province, where forced marriages are considered valid and enforceable; we also stated that "lifelong, involuntary marriage" on account of membership in that group constitutes persecution. *Id.* at 70.

█ Here, the IJ did not make a credibility determination, but simply found that petitioners had failed to establish a nexus between their claim of persecution and any of the five grounds for asylum. The IJ failed to address adequately whether Tang had articulated a particular social group, political opinion, or other protected ground for relief, simply stating without further analysis that she had failed to state a basis for asylum. On remand, we direct the agency to address whether Tang established that she would be persecuted on account of her membership in a particular social group. *See Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam).

█ A remand is also appropriate so that the BIA may determine whether Zhao, who was Tang's boyfriend at the time they fled China and who is now Tang's husband, is a member of a particular social group and has suffered past persecution, or has a well-founded fear of suffering future persecution on account of his membership in that group. We note that, according to the petitioners' applications, Zhao fought with the village head and otherwise resisted his attempts to force Tang to marry him, and that the village head threatened to arrest Zhao. We therefore remand for the BIA to determine in the first instance whether a man, like Zhao, in an intimate relationship with a woman threatened with forced marriage in an area of China where forced marriages are considered valid and enforceable may win asylum as a person persecuted on account of his membership in a particular social group. *Cf. Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006) (remanding because the IJ had failed to meaningfully evaluate the evidence).

█ Lastly, the IJ's conclusion that Zhao and Tang have not demonstrated that it is more likely than not that they will be tortured upon their return to China, however, is supported by substantial evidence. A review of the oral decision indicates that the IJ considered all of the proffered evidence and concluded that petitioners failed to establish "that it is more likely than not that they would be tortured were they removed" to China.

For the foregoing reasons, the petition for review is GRANTED as to the asylum and withholding of removal claims and DENIED as to the CAT claims, the BIA's order is VACATED, and the case is RE-MANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).